J. A. Harvey, Appellant, v. W. M. McFarland, Secretary of State, Appellee.

Mandamus: PUBLIC OFFICERS: ACTS WITHOUT THE SCOPE OF OFFICE. *Mandamus* will not lie to compel the secretary of state to furnish on application a copy of an alleged amendment to the state constitution, and certify the same to be a part of said constitution, notwithstanding the decision of the supreme court that such amendment was not legally adopted.

*Appeal from Polk District Court.*—Hon. W. F. Conrad, Judge.

Monday, January 22, 1894.

THIS is an action of *mandamus* to compel the defendant, who is secretary of state, to furnish the plaintiff with a certified copy of the constitution of the state, and to include in said copy an alleged amendment to the constitution, which it is claimed was adopted, and made part of that instrument, in the year 1882. The defendant refused to certify the alleged amendment as part of the constitution. A trial was had in the district court, and the application for a writ of *mandamus* was refused, and the plaintiff appeals.

*A. J. Baker, Nourse & Nourse*, and *J. A. Harvey*, for appellant.

*Cole, McVey & Cheshire* and *W. M. McFarland*, for appellee.

ROTHROCK, J.—It will be understood that the matter of contention involves the validity of what was at one time known as the "Prohibitory Amendment to the Constitution," and which this court determined in the case of "*Koehler v. Hill*, 60 Iowa, 543, was not a part of the constitution, because it was not legally adopted. The object and purpose for making the demand of the defendant for a certified copy of the constitution is stated in the petition in the following language:

"Plaintiff further states that the Iowa State Temperance Alliance is a corporation existing under the laws of the state of Iowa; that one object of said corporation is to disseminate among the people of the state temperance literature, and information as to the laws for the suppression of intemperance; that to that end said corporation, at its annual meeting in March, 1891, resolved to have compiled and published, for distribution among the people, all the constitutional and statutory provisions in force in the state of Iowa relating to the sale of intoxicating liquors, and that

plaintiff has been employed, for a compensation to be paid him, to compile said constitution and laws touching said subject, and to annotate the same in such manner as to impart verity thereto; that said amendment, being a part of the constitution of the state of Iowa, became, and is, a necessary part of such publication; that the same is on file and of record in the office of the secretary of state, of the state of Iowa; that the defendant is such secretary of state, and the legal custodian thereof, and of the proclamation of the governor declaring the same to be a part of the constitution, and that the defendant, as such secretary, is authorized to so certify, and under the law it is his duty to so certify, when requested by a citizen of the state, and his fee for so doing tendered him; that in no other way can it be made to appear authoritatively, in the compilation which the plaintiff has, as aforesaid, been employed to prepare, that said provision is a part of the constitution of the state of Iowa. The plaintiff further states that prior to the commencement of this action, he applied to the defendant, as such secretary of state, for a certified copy of the constitution so as aforesaid amended; that he made a demand of him for such certification of the constitution, including all the amendments thereto, but that he refused, and still refuses, to insert therein, or include and certify as a part of said constitution, the said section 26 of article 1 of said constitution, assuming, claiming and pretending, as a reason therefor, and in justification of his refusal, that said section 26 is not a part of the constitution of the state of Iowa. Plaintiff says that by reason of such refusal by the defendant he (the plaintiff) is hindered and prevented from performing and fulfilling his said contract with the Iowa State Temperance Alliance, and is damaged, and may suffer further damage, by reason of said refusal. And plaintiff says that he has no other plain, speedy or adequate

remedy, and therefore he brings this action, and prays the court to grant a peremptory writ of *mandamus*, commanding the defendant, as such secretary of state, to forthwith give to the plaintiff a duly and properly certified copy of the constitution of the state of Iowa, as amended, including section 26 of article 1 thereof, so as aforesaid proposed, referred, agreed to and submitted, and ratified by the people at said special election on the twenty-seventh day of June, 1882, and that he may recover his costs herein expended."

The ground upon which the defendant refused to comply with the demand of the plaintiff is stated in the answer in these words: "The defendant also admits that he refused to so certify said amendment in manner and form as demanded by the plaintiff, and for the reason that the supreme court of the state of Iowa has heretofore adjudged and decided that the same was not legally adopted, and made a part of the constitution of the state of Iowa."

It will be observed that the defendant did not refuse to make a copy of the alleged amendment and certify that it was a copy of a public record in his office, without determining its legal effect. The plaintiff demanded more than this. He insisted in the court below, and claims now, that it was the duty of the defendant to certify the amendment as part of the constitution of the state, notwithstanding it had been decided by this court that the same was no part of the constitution. It quite plainly appears from the whole record in the case that the object in making the demand was to review, and again present, the question of the validity of the so-called "amendment" in the courts. The plaintiff, in quite a voluminous printed argument in this court, presents the whole controversy anew. At the very outset of the argument, it is stated that the issue made by the defendant "brings anew before the court the question whether section 26 of

article 1 [the prohibitory amendment], is part of the constitution.''

It is provided by section 3706 of the Code that ''every officer having the custody of a public record or writing is bound to give any person on demand a certified copy thereof on payment of the legal fees therefor.'' It may be that under this section of the statute the defendant can be required to certify a copy of any record in his office, and identify it. But that is a mere ministerial act. He can not be compelled to decide as to the legal effect of any of the records in his custody. The defendant is just as much bound by the decision of this court that the alleged amendment was not legally adopted as any other public officer or citizen of the state. The plaintiff, in effect, demanded that the defendant should determine that the said amendment was in force, notwithstanding the decision of this court. It is so plain as to require no argument that a mere ministerial officer is clothed with no such authority. But suppose that the defendant had complied with the plaintiff's request. His decision would have been an attempt to overrule a solemn adjudication of the highest court in the state, and would have been of no possible advantage to the plaintiff, or to the Alliance which he represents. It is true he could have published it, and circulated it among the people of the state, claiming it was part of the constitution, but that act would not make it part of the constitution, and it would have no effect, except, possibly, to deceive some of them, and lead them to believe that the said amendment was legally adopted. These observations, it appears to us, demonstrate that the plaintiff had no right to require such a certificate as he demanded, and that this action of *mandamus* can not be maintained.

The judgment of the district court is AFFIRMED.